BLALOCK *v.* BLALOCK.

5-107                                    258 S. W. 2d 891

Opinion delivered June 15, 1953.

*Bon McCourtney* and *Claude B. Brinton,* for appellant.

*Barrett, Wheatley, Smith & Deacon* and *Penix & Penix,* for appellee.

Ed. F. McFaddin, Justice. This is a suit brought by appellant to have an alleged trust declared in his favor, and enforced on land owned by appellee.

The appellant, H. S. Blalock, and the appellee,[1] J. A. Blalock, are brothers. In 1933,[2] each brother received 100 acres of land from his father. Appellant mortgaged his land in 1934; and in 1935, when threatened with foreclosure, he conveyed his lands to appellee, who assumed the mortgage indebtedness and later paid same. Appellant now claims that the real consideration of his 1935 deed to appellee was the latter's agreement to hold title as trustee, and then, after satisfying the mortgage indebtedness, to reconvey to appellant any land that might remain of the 100 acre tract. The present suit was filed March 1, 1952, appellant claiming that in 1940, appellee sold 60 acres of the land, and should now return the remaining 40 acres and also make an accounting.

The Chancery Court denied appellant all relief, and this appeal challenges that decree. The learned Chancellor delivered a written opinion, which is in the transcript, and so clearly and concisely states the issues, the salient evidence, and the applicable rules, that we quote pertinent portions of it:

''In this case the plaintiff seeks to impress certain real property with a trust, and to compel the re-conveyance of the property to him.

''When we give full effect to plaintiff's testimony we find him seeking to engraft by parol testimony an express trust on the deed that he made to his brother and his sister-in-law. This is forbidden by Statute.

''The effect of the plaintiff's testimony is that he deeded the property to his brother under an agreement by the terms of which his brother was to pay off certain indebtedness against the property and save as much of it as possible, and that then the plaintiff and his

---

[1] Other appellees, besides Mrs. Laura Blalock (wife of J. A. Blalock), are corporations holding mortgages on the J. A. Blalock land here involved.

[2] The deeds from the father to the sons were dated in 1926, but the father retained possession of the land until his death in 1933.

brother would have an understanding and agreement as to the amount of money that the defendant had paid, and that he would re-convey the property to the plaintiff for that consideration.

"Courts in this State are reluctant to permit an express trust to be created by parol testimony, especially where a long period of years has elapsed; and even where parol testimony is admissible to establish a trust, the evidence must be full, clear and convincing, and not merely by a preponderance of the evidence.

"The first act of the plaintiff in conveying the property was entirely inconsistent with his contentions. Nowhere in the record has the Court been able to find that there was ever any agreement between the plaintiff and Laura Blalock, the wife of James Blalock. Yet the plaintiff conveyed the property to James Blalock and Laura Blalock, husband and wife, thereby creating an estate by the entirety in which the right of survivorship exists. In other words, had James Blalock died immediately after the transfer of the title to the property, the property would have vested in Laura Blalock and, as stated above, there is no contention that there was any agreement of any kind with Laura Blalock. . . .

". . . The defendant, James Blalock, assumed an indebtedness against the property conveyed to him and executed his notes for the remainder of the recited consideration. In order to pay off this mortgage indebtedness he mortgaged not only the property conveyed to him, but all of his own property. And then, in order to pay the indebtedness thus incurred, he sold a portion of his own property, as well as a portion of the conveyed property. This occurred more than seven years before the filing of this suit. Notwithstanding this fact, however, the plaintiff continued to recognize the defendant as his landlord; to pay rent; at times he left the property and went to Michigan, and he permitted the defendant to further mortgage the property with his knowledge and consent. Nothing in these facts and circumstances created a presumption that the defendant,

or the defendant and his wife, held the property in trust for the plaintiff.

. . .

"It is true that it is not essential that proof to establish a trust be made by witnesses who have no interest in the case, but the interest of the witnesses may be considered in determining whether or not the testimony is clear, satisfactory and convincing. All of the witnesses who testified for the plaintiff in this case were interested witnesses, either directly, or as the wife or children of the plaintiff.

"The principal cases relied upon by the plaintiff are discussed and distinguished by our Supreme Court in the case of *Hawkins* v. *Scanlon*, 212 Ark. 180, 206 S. W. 2d 179.

"The complaint of the plaintiff will therefore be dismissed for want of equity, and the defendants will have judgment for their costs."

Appellee questions the sufficiency of the transcript filed by the appellant, and also urges the Statute of Frauds, and the Statute of Limitations; but we find it unnecessary to consider these matters because our study of the entire record convinces us; (a) that even if parol evidence be admissible to show an implied trust, nevertheless, the appellant did not offer in the court below that *quantum* of proof required to establish a trust;[3] and (b) that the appellant has not established in this court that the Chancellor's findings are contrary to the preponderance of the evidence.[4]

Therefore, the decree is in all things affirmed.

---

[3] In *Kelley* v. *No. Ohio Co.*, 210 Ark. 355, 196 S. W. 2d 235, we discussed the *quantum* of proof required. See also other cases collected in West's Ark. Digest, "Trust," Key 44. A case strikingly similar to the one at bar, and in which the attempt to prove a trust failed because of the absence of the required *quantum* of proof, is *Mitchell* v. *Powell*, 194 Ark. 638, 109 S. W. 2d 155.

[4] See West's Ark. Digest, "Appeal & Error," § 1009, for the scores of cases declaring the rule that the Chancellor's findings of fact will not be set aside on appeal unless they are contrary to the preponderance of the evidence.